IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICK G. STALLINGS,

       Petitioner,

v.                                                                                                            CIV 13-596 WJ/CG

GERMAN FRANCO, Warden, and
GARY K. KING, New Mexico
Attorney General,

       Respondents.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on United States Magistrate Alan C. Torgerson's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on January 22, 2014. (Doc. 12). In the PFRD, Judge Torgerson recommended that *Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody* ("Petition"), be denied. Petitioner filed objections to the PFRD on February 10, 2014. (Doc. 13). After a *de novo* review of the record, Petitioner's Objections, the PFRD, and the relevant law, the Court overrules Petitioner's Objections and adopts the PFRD.

After a thorough review of the evidence in the record, the Court relies on the factual background as it is detailed in the PFRD. (Doc. 12 at 1-4). Petitioner raised three issues in his Petition: (1) violation of the Interstate Agreement on Detainers Act ("IADA") because he was not transported to New Mexico to resolve various charges pending against him while he was incarcerated in Colorado; (2) denial of pro se status/access to legal materials; and (3) illegal transportation of Petitioner from Colorado to New Mexico in violation of his right to due process. (Doc. 1).

First, Petitioner challenges Judge Torgerson's finding that the alleged violations of the IADA do not provide a basis for relief in this case. (Doc. 13 at 4-5). Petitioner maintains that the IADA was violated because he was denied the opportunity to resolve charges pending against him in New Mexico. (Doc. 13 at 4-5). Judge Torgerson found Petitioner's requests for extradition to New Mexico pursuant to the provisions of the IADA were not ignored by the State of Colorado, but determined to be void because Petitioner escaped when he was taken to New Mexico to resolve several charges. (Doc. 12 at 7). In his Objections, Petitioner clarifies that he was seeking extradition to New Mexico to deal with the charges related to the escape, as well as the other charges. (Doc. 13 at 4-5). Petitioner offers no reason to believe that it was unreasonable for the State of Colorado to deny his request. Moreover, as Judge Torgerson found, violations of the IADA do not state a claim for relief in a habeas corpus action. (Doc. 12 at 7) (citing *Greathouse v. United States*, 655 F.2d 1032, 1034 (10th Cir. 1981)). Petitioner's objection is overruled.

Petitioner also objects to Judge Torgerson's finding that he was not illegally extradited to New Mexico because he was taken into custody by the State of New Mexico on July 26, 2011, instead of the day that his Colorado sentence was finished, July 27, 2011. (Doc. 13 at 6). Petitioner argues that he was "making attempts to fight [his] extradition" prior to July 27, 2011. (Doc. 13 at 6). However, as Judge Torgerson outlined in the PFRD, the record contains no evidence to support this contention. (Doc. 12 at 8-9). Therefore, Petitioner's objection is overruled.

Finally, Petitioner challenges Judge Torgerson's finding that his requests to represent himself in the criminal matters in the State of New Mexico were equivocal,

and therefore, he has not demonstrated that there was a constitutional violation. (Doc. 13 at 6). Petitioner filed two motions in which he asked to proceed pro se; as discussed by Judge Torgerson in the PFRD, both of these motions contained equivocal requests by Petitioner to represent himself. (Doc. 12 at 10-13; Doc. 13 at 24-25, 29-30). Petitioner also filed a *Motion for Pro Se Rights and Due Process*, (Doc. 13 at 39), however, this motion did not contain a request to represent himself. Moreover, several of the other documents are minutes from hearings in which it appears that Petitioner was willing to accept an attorney, just not the one who was appointed. For example:

J[udge] – Def[endant]:   That is why we have it – you need an attorney at trial to at least share thoughts.

Def[endant] – J[udge]:   I don't want him. I want anyone other than him.

(Doc. 13 at 35). Ultimately, the record does not support Petitioner's contention that he clearly and unequivocally requested to represent himself. For the same reasons as Judge Torgerson articulated in the PFRD, the Court finds that Petitioner has failed to set forth a claim of a constitutional violation; his objection is overruled.

**IT IS THEREFORE ORDERED** that the *Proposed Findings and Recommended Disposition* is **ADOPTED** and *Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*, (Doc. 1), is **DISMISSED WITH PREJUCICE**.

**IT IS FURTHER ORDERED** that a certificate of appealabiltiy is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE